**UNITED STATES of America**

v.

**1982 AUDI, VIN WAUGBO432CNO34698 and 1979 Jeep, VIN J9A93EH822017.**

**Civ.A. No. 83–K–2068.**

United States District Court,
D. Colorado.

Jan. 25, 1984.

Robert N. Miller, U.S. Atty. and James W. Winchester, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Michael L. Bender, Bender & Treece, P.C., Denver, Colo., for defendants.

**ORDER**

KANE, District Judge.

The motion of the plaintiff herein to amend judgment is denied. Ordinarily an order denying such a motion does not require a detailed explanation, but in the instant case the motion amounts to impertinence.

Among other discordant allegations, the motion states: "The plaintiff moved the court on January 12 for default judgment, *with a direction* to the Marshal to transfer defendants to the Secret Service for disposition." (emphasis added.) A litigant, even the government, is not vested with authority to direct a court or its marshal to do anything. The paragraph continues, "The Court *sua sponte* entered an order that the Marshal sell defendants." (emphasis supplied.) The use of the term *sua sponte* is an abuse of its definition. The judgment was entered by the court on motion for

default judgment filed by the plaintiff. It is fundamental that the terms of a judgment are matters exclusively within the province of the issuing court and the terms of judgment may not be dictated by the parties. Further, the proposed order submitted by the government was misleading. It suggests that the defendant properties be transferred to the Secret Service for disposition. We now learn that the government has no intention of disposing of the vehicles, but rather intends to use them. If nothing else, such a presentation to the court is lacking in candor.

The government then has the temerity to state that it does not acquiesce "in the correctness of" the court's decision in *U.S. v. One 1976 Buick Skylark*, 453 F.Supp. 639 (D.Colo.1978). First, the acquiescence of a litigant in a decision is neither invited nor required. Second, "acquiesce" is precisely what this plaintiff did do some six years ago when it was a party to the *Skylark* case and did not appeal.

The motion then sets forth reasons urged for its granting. The reasons themselves suggest that the Department of Justice has separated itself from a government consisting of three co-equal branches. The penultimate paragraph deserves quoting in its entirety:

> The 1979 Jeep is to be assigned to the Denver investigative division of U.S. Customs and the 1982 Audi is to be assigned to an office of the Secret Service other than Denver for undercover use. The Customs Service has significantly increased its enforcement personnel in Denver and *does not have sufficient budgeted vehicles to meet its operational needs, and forfeited cars are not included in its budget allocation for vehicles.* The Audi is free of liens and is suitable for undercover operations because it is atypical of Government cars. *The sale of the vehicles is not in the best interests of the United States, as reve-nue from the sale is not applied to the agency budget, and sale of the vehicles hinders enforcement operations.* (emphasis added.)

Apparently, the government has not considered that the Congress of the United States is intended by the Constitution to set the budget. If executive branch agencies desire expenditures for the acquisition of vehicles which are "atypical of Government cars," lawful process requires them to present their case to the Congress. Contrary to the assertions of this plaintiff, the best interests of the United States can be found in depositing revenue in the public fisc and in expending in strict accordance with the authorization of elected representatives. Such was clearly the intention of the framers of our Constitution; to suggest otherwise is frivolous.

The final paragraph of the motion is the most disturbing of all:

> The United States Attorney's Office, especially undersigned counsel, fully respect the court's concern about the "risk of abuse" but it is simply not present in this case.[1] We point out that the registered owner confessed forfeiture as part of a plea agreement in *U.S.A. v. Irving Avery*, 83–CR–276 in which the owner pled guilty to violation of 18 U.S.C. §§ 474 and 2.

This is perhaps not the most appropriate case in which to analyze all of the outrages visited upon the criminal justice system by plea bargaining. Suffice it to say that the foregoing reference to an exchange of criminal charges for used cars is made without any accompanying sense of shame or embarrassment. Such insouciance suggests that we are fast approaching our own *gotterdammerung.*

The motion is denied.

---

1. The "undersigned counsel" misreads the *Skylark* case. The quote in context reads, "[c]onversely, if forfeited vehicles are not routinely delivered to the seizing agency, the risk of abuse is diminished." 453 F.Supp. at 643. The risk referred to is found in the routine practice, not the individual case.